UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Criminal Case No. 20-20162
                                    Honorable Linda V. Parker

D-3 TAREK FAKHURI, R.Ph.,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF BOND CONDITIONS (ECF NO. 155)

On March 12, 2020, a grand jury issued an Indictment charging Defendant with one count of conspiracy to commit health care fraud and wire fraud under 18 U.S.C. § 1349, and eight counts of health care fraud under 18 U.S.C. §§ 1347 and 2. (ECF No. 1.) Defendant was released on a $10,000 unsecured bond with restrictions, which included travel restrictions limited to the Western District of New York, surrendering of his Canadian Passport, and a prohibition from billing or causing to bill directly or indirectly Medicare, Medicaid, or any other federal healthcare program. (ECF Nos. 109, 110.) On August 6, 2021, the Court revoked Defendant's bond conditions due to U.S. Immigration and Customs Enforcement seeking to deport Defendant back to Canada. (ECF Nos. 114,116.) On August 11,

2021, bond was subsequently reinstated with similar restrictions. (ECF Nos. 120, 121.)  Defendant now seeks to modify the condition of his bond that requires him to remain in the Western District of New York, and requests to be allowed to reside in Windsor, Ontario under the supervision of U.S. Pretrial Services, in a motion filed August 26.  (ECF No. 155.)  The Government filed a response to the motion on September 9 (ECF No. 157), and Defendant filed a reply on September 12. (ECF No. 158.)  The Court held a motion hearing on September 21.  The motion is fully briefed. (ECF Nos. 162, 165.)

     A person ordered released by a judge may file a motion for amendment of the release conditions.  18 U.S.C. § 3145(a)(2).  Under the Bail Reform Act, a defendant's release pending trial is made "subject to the least restrictive further condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"  18 U.S.C. § 3142(c)(B).

     First, Defendant maintains that his bond conditions should be modified to allow him to return to Canada because he requires access to a physician and is forgoing medical care due to a lack of insurance.  However, the record reflects that Defendant is not indigent, which makes his decision not to seek medical care a choice, not a lack of access to healthcare.  As such, the Court is not convinced that bond should be modified for this purpose.

Further, the Court appreciates Defendant's preference to continue residing in the same household as his wife and children pending trial. However, allowing Defendant to cross international waters and return to Canada makes the Court uneasy about the possibility Defendant may not return to the United States for trial.[1] As the Government notes, Defendant's wife and children are all dual citizens of the United States and Canada, which removes the burden associated with crossing international borders to visit Defendant. Because the Eastern District of Michigan is immediately adjacent to Windsor, Ontario, the Court will allow Defendant to file a motion to modify bond conditions to the Eastern District of Michigan if he chooses, which strikes a balance between Defendant's concern for remaining close to his family and the Court's concern of Defendant's risk of flight.

For these reasons, the Court finds that the travel restriction within the Western District of New York is the least restrictive condition to meet the goals of the Bail Reform Act.

---

[1] In support of his motion, Defendant notes that his Co-defendant, Hassan Abdullah, is able to travel between the United States and the U.S. Virgin Islands after a bond modification due to a prior civil lawsuit. However, this argument is unavailing as the U.S. Virgin Islands is a territory of the United States, unlike Canada, which would involve extensive international cooperation if Defendant decided to flee. Further, granting Defendant's motion would force U.S. Customs and Border Protection to return his passport to him, further increasing the risk of flight.

Accordingly, the Court is denying Defendant's motion to modify the bond conditions. The previous conditions shall remain in effect.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 11, 2022