UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                            Case No. 20-cr-20162-3
                                            Honorable Linda V. Parker

TAREK FAKHURI,

        Defendant.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT TAREK FAKHURI'S MOTION FOR BOND PENDING APPEAL (ECF NO. 409)</u>**

On September 5, 2024, a jury found Defendant Tarek Fakhuri guilty of one count of conspiracy to commit health care fraud and wire fraud (Count 1) and one count of health care fraud (Count 5). (ECF No. 290.) On January 13, 2025, the Court sentenced Fakhuri to 84 months' imprisonment on each count, to run concurrently. (ECF No. 358.) Fakhuri has appealed. (ECF No. 375.)

The matter currently is before the Court on Fakhuri's motion for bail pending appeal, filed pursuant to 18 U.S.C. § 3143. (ECF No. 409.) The Government opposes the request. (ECF No. 419.) For the reasons set forth below, the Court denies the motion.

Section 3143 imposes a presumption that a convicted defendant, such as Fakhuri, will be detained pending appeal. 18 U.S.C. § 3143(a); *United States v.*

*Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). The presumption can be overcome if the court finds the following:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). If the presumption is overcome, the court must order the defendant released "in accordance with [18 U.S.C. §] 3142(b) or (c) . . . except that in the circumstance described in subparagraph (B)(iv) of [§ 3143(b)], the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence." *Id*.

Fakhuri maintains that he does not pose a risk of flight or danger to the community, is not seeking bond for purpose of delay, and has substantial questions of law or fact likely to result in reversal. Specifically, as to the last assertion, Fakhuri challenges the Court's denial of his motion for new trial based on an

alleged fatal variance and the alleged denial of his right to confront witnesses concerning the Government's fraud loss numbers. The Government does not contend that Fakhuri poses a risk of flight or danger to the safety of other individuals. However, it does argue that he does not raise any substantial question of law or fact likely to result in reversal, an order for new trial, or a non-custodial sentence. The Court agrees with the Government.

"[A]n appeal raises a substantial question when it presents a close question or one that could go either way and the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. King*, 126 F.4th 440, 442 (6th Cir. 2025) (quoting *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985)) (brackets and ellipsis omitted). The issues Fakhuri identifies in his motion have been presented many times and in varying forms to this Court by him and/or his co-defendants—as motions, including motions for reconsideration during trial; as objections at trial; and in post-judgment motions for judgment of acquittal and for new trial. The Court's consistent and repeat rulings rejecting Defendants' arguments reflect that the questions presented are not "close" or "one[s] that could go either way."

Moreover, the issues Fakhuri identifies challenge only his conspiracy conviction. "Generally, 'an argument that would produce a reversal of fewer than

3

all counts would be insufficient because if one count imposing imprisonment survives, the reason for allowing bail pending appeal, that a defendant should not be imprisoned under a legally erroneous sentence, disappears.'" *Id*. (quoting *United States v. Powell*, 761 F.2d 1227, 1233 (8th Cir. 1985) (en banc)) (brackets and ellipsis removed).  This general rule applies here, as Fakhuri could not complete his sentence for health care fraud before his appeal is resolved.

For these reasons, the Court concludes that Fakhuri does not overcome the presumption that he should be detained pending appeal.

Accordingly,

**IT IS ORDERED** that Fakhuri's motion for bond pending appeal (ECF No. 409) is **DENIED**.

                                                 s/ Linda V. Parker
                                                 LINDA V. PARKER
                                                 U.S. DISTRICT JUDGE

Dated: March 31, 2025